UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-CR-20050-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA

v.

**JETHRO PITTS**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Jethro Pitts's Motion for Compassionate Release and Request for Immediate Release in Light of COVID-19 Emergency (the "Motion") [ECF No. 531]. The Court has reviewed the Motion, the Presentence Investigation Report, and the record and is otherwise fully advised. For the following reasons, Defendant's Motion is granted.

## BACKGROUND

Defendant is a 77-year-old incarcerated at Federal Correctional Institution Coleman-Medium in Sumterville, Florida, with a projected release date of August 11, 2021. On November 30, 2017, the Court sentenced Defendant to a 78-month term of imprisonment and a four-year term of supervised release for conspiracy with intent to distribute one hundred grams or more of heroin, in violation of 21 U.S.C. § 846. [ECF No. 476]. On December 5, 2017, Defendant appealed his sentence, [ECF No. 480], and on May 28, 2020, the Eleventh Circuit affirmed the sentence. *See United States v. Munoz*, 816 F. App'x 342 (11th Cir. 2020), *reh'g denied*, No. 17-13818 (11th Cir.

1

Aug. 20, 2020). Defendant has served over 90% of his term of imprisonment. *See* [ECF No. 531 at 2 ¶ 3].

On May 1, 2020, Defendant submitted a request to the Warden to convert the remainder of his prison sentence to home confinement. [ECF No. 531-1]. On May 7, 2020, the Warden denied Defendant's request. [ECF No. 531-2]. Defendant now asks the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to modify his remaining term of imprisonment to home confinement, [D.E. 531 at 1], followed by his original four-year term of supervised release. [D.E. 542 at 3]. Defendant alleges that, in light of the emergency conditions created by the recent COVID-19 pandemic, he has a "heightened susceptibility to serious illness or death . . . ." [D.E. 531 at 1]. Defendant's primary and secondary medical conditions include Type II diabetes, hypertension, and cardiac/coronary heart disease, among others. [D.E. 531 at 3].

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the

Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Government argues that the Motion should be denied because: (1) Defendant failed to exhaust all administrative remedies; (2) Defendant cannot show that extraordinary and compelling reasons warrant his release; (3) the § 3553(a) factors strongly weigh against release; and (4) Defendant cannot show that he is not a danger to the public if released. [D.E. 539]. Before the Court may proceed on the merits, it must first determine whether Defendant properly exhausted his administrative remedies.

### I.     Exhaustion of Administrative Remedies

The thrust of the Government's exhaustion argument is that Defendant failed to appeal the Warden's denial and that the Court should not find appeal futile. The Court need not address the futility argument because Defendant properly exhausted his administrative remedies through the alternative method available to him—the lapse of thirty days from the filing of his request. *See* 18 U.S.C. § 3582(c)(1)(A). Proper exhaustion requires that Defendant file a request for compassionate release with the warden of his facility and appeal the denied request. 18 U.S.C. § 3582(c)(1)(A);

3

*see also* 28 C.F.R. § 542.15 (outlining the administrative appeal process); 28 C.F.R. § 571.63 (defining what constitutes a "final administrative decision"). Alternatively, Defendant must show that at least thirty days have lapsed since the warden received his request.[1] 18 U.S.C. § 3582(c)(1)(A); *United States v. Laureti*, No. 16-CR-60340, 2019 WL 7461687, at *1 (S.D. Fla. Dec. 17, 2019) ("A plain reading of the statute reflects that the Defendant may seek relief after the lapse of 30 days from the date the Warden receives the Defendant's request."). *But see United States v. Feucht*, 462 F. Supp. 3d 1339, 1341 (S.D. Fla. 2020) ("[T]he 30-day period should be measured from the date on which a prisoner submits his or her request to the BOP [Bureau of Prisons], not the date the request is received by the Warden.").

Here, Defendant provides no proof that he appealed the Warden's May 7, 2020 denial or received a final administrative decision. However, the Court finds that thirty days lapsed between Defendant making his request to the Warden and the filing of the instant Motion. Defendant submitted his request to the Warden on May 1, 2020, *see* [ECF No. 531-1], and filed the instant Motion on July 4, 2020, *see* [ECF No. 531]. Because thirty days lapsed following Defendant submitting his request to the Warden on May 1, 2020, the Court finds that Defendant sufficiently exhausted his administrative rights before the Bureau of Prisons and the Motion is ripe. 18 U.S.C. § 3582(c)(1)(A). Because Defendant satisfied § 3582(c)(1)(A)'s exhaustion requirement, the Court considers the merits of Defendant's Motion.

---

[1] Notably, the Government has conceded in a similar action before another district court in this Circuit that "the official position of the Department of Justice as well as the Bureau of Prisons[] [is that] a defendant can file a motion for compassionate release in [the] district court 30 days after requesting relief from the Warden, even if the Warden denies the relief within 30 days." *United States v. Woodson*, No. 13-CR-20180-CMA, [ECF No. 402 at 2] (Government's Supplemental Response to Defendant's Motion for Compassionate Release); *see also First Step Act – Frequently Asked Questions*, Fed. Bureau of Prisons, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_compassionate_release (last visited Mar. 2, 2021) (select "Compassionate Release"; then select "How can an inmate apply for compassionate release?") ("[U]nder the [First Step Act], an inmate may now file a motion for compassionate release directly with the sentencing court 30 days after making a request to the [Bureau of Prisons] or after exhausting their administrative remedies.").

## II. Section 3553(a) Factors

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

The Court finds that the § 3553(a) factors support Defendant's release. The nature and circumstances of Defendant's offenses are serious, and he has a history of burglary, grand theft, and drug-related convictions. *See* [D.E. 402 at 38–41 ¶¶ 117–123]. However, Defendant has served over 90% of his term of imprisonment—over 72 months of the total 78 months. *Cf. United States v. Lima*, No. 16-CR-20088, 2020 WL 434836, at *2 (S.D. Fla. May 11, 2020). Requiring Defendant to serve the remainder of his 78-month imprisonment term while COVID-19 threatens his health would exceed the sentence necessary to "reflect the seriousness of the offense" and "promote a respect for the law . . . ." *See* § 3553(a)(2)(A). Rather, reducing Defendant's sentence to time served to be followed by four years of supervised release is "sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). Thus, the Court turns to whether Defendant presents extraordinary and compelling reasons for his release.

## III. Extraordinary and Compelling Reasons

Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Conditions of the Defendant.**

    (ii) The defendant is--

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1. In response to the recent pandemic, the Centers for Disease Control and Prevention (the "CDC") delineated several conditions and risk factors that increase the risk of contracting COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 2, 2020). For example, "[a]dults of any age with **certain underlying medical conditions** are at increased risk for severe illness from the virus that causes COVID-19," including conditions such as chronic kidney disease, serious heart conditions, and Type 2 diabetes. *Id.*

Defendant is a 77-year-old and suffers from several degenerative conditions—some of which the CDC identified—including Type II diabetes, hypertension, and cardiac/coronary heart disease, among others. [D.E. 531 at 3]. Courts have granted compassionate release requests based on COVID-19 for individuals with similar characteristics. *See, e.g.*, *Feucht*, 462 F. Supp. 3d at 1340 (63-year-old with Type II diabetes and hypertension); *United States v. Rico*, No. 19-CR-20375, 2020 WL 4344090, at *3 (S.D. Fla. May 14, 2020) (75-year-old with hypertension and chronic obstructive pulmonary disease); *United States v. Lima*, No. 16-CR-20088, 2020 WL 4343836, at *2 (S.D. Fla. May 11, 2020) (85-year-old with diabetes and heart blockage); *United*

*States v. Bertrand*, --- F. Supp. 3d ---, No. 3:00cr12/LAC, 2020 WL 2179387, at *1 (N.D. Fla. Apr. 29, 2020) (71-year-old with hypertension and pulmonary embolism); *United States v. Sanchez*, No. 95-CR-00421, 2020 WL 3581631, at *1 (S.D. Fla. Apr. 27, 2020) (76-year-old with diabetes, heart murmur, and hypertension); *United States v. Minor*, 18-CR-80152, 2020 WL 4333524, at *1 (S.D. Fla. Apr. 17, 2020) (71-year-old with Type II diabetes, hypertension, and heart disease). The Court finds that Defendant's age and current medical conditions, in light of the current pandemic, are extraordinary and compelling reasons for his immediate release.

**IV.     Danger to the Community**

The Court also finds that Defendant "is not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2). In so doing, the Court considers: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

Based on his criminal history and the nature and circumstances of his offenses alone, the Court cannot conclude with certainty that Defendant does not pose a risk to the public safety. *Williams*, 2020 WL 1751545, at *3. "However, given [Defendant's] age, serious health problems, [and] the substantial amount of time he has already served, . . . factors which are now a part of his history and characteristics," the Court finds that Defendant is unlikely to reoffend upon release. *Id.* (citing 18 U.S.C. § 3142(g)); *see also id.* (noting that "conditions of release can mitigate danger to the community."). First, the terms and conditions of Defendant's supervised release will sufficiently safeguard the community by "result[ing] in substantial oversight by the United States Probation Office." *See id.* (citation omitted). Second, Defendant will likely be deterred from

reoffending based on his significant health concerns, the considerable time he has served for his conviction, and the risk of further imprisonment if he violates the terms of his supervised release. Therefore, the Court finds that Defendant's release will not endanger the community.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant Jethro Pitts's Motion for Compassionate Release, [ECF No. 531], is **GRANTED**.

2. Defnedant Jethro Pitts's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, [D.E. 550], is **DENIED as moot**.

3. The United States Marshal Service and/or the United States Bureau of Prisons shall promptly release Defendant from custody.

4. Defendant shall self-quarantine at home for at least fourteen (14) days, consistent with CDC guidelines.

5. Defendant's four-year term of supervised release shall begin upon his release. The previously imposed special conditions, as detailed in Defendant's original Judgment, [ECF No. 476], shall remain.

6. Simultaneously herewith, the Court will enter an **AMENDED JUDGMENT** imposing a sentence of "time served" to be followed by a four-year term of supervised release.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of March, 2021.

---
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE